# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RONALD DAVID JONES,**

    **Plaintiff,**

vs.                                            Case No. 4:20cv31-MW-CAS

**GADSDEN COUNTY SCHOOLS,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, recently submitted a complaint to be opened as a new case. Plaintiff did not, however, submit payment of the filing fee for this case, nor did he file a motion requesting leave to proceed in forma pauperis. Despite that deficiency, there is no need to provide more time for Plaintiff to pay the fee because this case is barred.

First, judicial notice is taken that Plaintiff previously initiated case number 4:15cv104-RH-CAS in this Court. In his complaint, ECF No. 1, Plaintiff alleged that on November 1, 2013, he picked up his paycheck from

the school but discovered he was given "the wrong check." Doc. 1 at 1. Plaintiff also claims the check was back dated to June 10, 2013. *Id.* Then, Plaintiff alleges that on November 14, 2013, he sent his mother to pick up his check and she was given two checks. *Id.* Plaintiff alleged that he held onto the June 2013 check for one year, until June 10, 2014, when he went to the Quincy State Bank. *Id.* at 2. Plaintiff claimed that because the check was cashed with "no problem . . . Defendants are robbing the bank." *Id.* Those are the same claims Plaintiff raises in the instant complaint. ECF No. 1 at 1-2.

Plaintiff's prior case was dismissed on December 15, 2015, because it failed to state a claim upon which relief could be granted. ECF No. 8 of that case. Accordingly, the same allegations Plaintiff seeks to raise in this case against the Defendant School Board are, likewise, insufficient and fail to allege the violation of Plaintiff's federal constitutional rights.

Moreover, "[t]he doctrine of res judicata, or claim preclusion, bars the re-litigation of claims that were raised or could have been raised in a prior proceeding." Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013) (cited in McCulley v. Bank of Am., N.A., 605 F. App'x 875, 877 (11th Cir. 2015)). Res judicata bars a successive lawsuit when four elements are met: 1) there was a final judgment on the merits in the first case, (2) the

court entering judgment was a court of competent jurisdiction, (3) the parties in the instant case were parties in the prior case, and (4) both lawsuits involve the same causes of action. <u>McCulley</u>, 605 F. App'x at 878 (holding that plaintiffs who brought second lawsuit seeking to enjoin mortgage foreclosure "had a full and fair opportunity to litigate" their claims in the first case and the complaint was properly dismissed on res judicata grounds). All elements are met in this case and, therefore, res judicata also bars this case from proceeding.

Plaintiff does, however, include another claim against the Heart to Heart Academy. ECF No. 1 at 2. Because that Defendant was not part of Plaintiff's prior case, res judicata does not bar Plaintiff's claim. However, Plaintiff's allegations remain insufficient for two reasons. First, Plaintiff states that only that he "worked at Heart to Heart Academy and has never been paid for time worked." ECF No. 1 at 2. That single statement does not present a constitutional claim and because a plausible claim is not apparent on its face, this claim should also be dismissed.

Second, all other facts in this case related to events from 2013 and 2014. Assuming the basis for his claim against Heart to Heart Academy took place during that same time period, his claims are barred by the statute of limitations. A federal § 1983 claim is governed by the forum

state's residual personal injury statute of limitations.  <u>Burton v. City of Belle Glade</u>, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing <u>Owens v. Okure</u>, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989) and <u>Wilson v. Garcia</u>, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)).  In Florida, a § 1983 action must be commenced "within four years of the allegedly unconstitutional or otherwise illegal act."  <u>Burton</u>, 178 F.3d at 1188 (citing <u>Baker v. Gulf & Western Indus., Inc.</u>, 850 F.2d 1480, 1483 (11th Cir. 1988)).  Because Plaintiff's claims appear to be based on events which took place more than fours years prior to the commencement of this case, the claims are barred by the statute of limitations and this case should be dismissed.

Should Plaintiff disagree with the basis for this recommendation, Plaintiff may either file a motion for reconsideration which will come to the attention of the undersigned Magistrate Judge, or Plaintiff may file objections which will be reviewed by the presiding District Judge.  Either way, Plaintiff must respond within fourteen days.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 17, 2020.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**